

FILED by _RB_ D.C.

FEB - 1 2011

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – FT. LAUD.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____ **11-cr-80021-WPD**

21 U.S.C. § 841
21 U.S.C. § 846
21 U.S.C. § 856
21 U.S.C. § 863
18 U.S.C. § 2
21 U.S.C. § 853

**UNITED STATES OF AMERICA**

**vs.**

**HAIDAR M. EL-SOURI,**
    a/k/a "Alex",
**BILAL KAIK,**
    a/k/a "Louie,"
**MOHAMAD HATOUM,**
    a/k/a "Mike", and
**AHMAD A. KAIK,**

            **Defendants.**
_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1

Beginning at least as early as August 6, 2010, the exact date being unknown to the Grand

Jury, and continuing through the present, in Palm Beach County, in the Southern District of Florida,

and elsewhere, the defendants,

**HAIDAR M. EL-SOURI,**
a/k/a "Alex",
**BILAL KAIK,**
a/k/a "Louie,"
**MOHAMAD HATOUM,**
a/k/a "Mike", and
**AHMAD A. KAIK,**

did knowingly and intentionally combine, conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury, to aid and abet the manufacture and distribution of a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2; all in violation of Title 21, United States Code, Section 846.

Pursuant to Title 21, United States Code, Section 841(b)(1)(A)(ii), it is further alleged that this violation involved five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine.

### COUNT 2

Beginning at least as early as August 6, 2010, the exact date being unknown to the Grand Jury, and continuing through the present, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**HAIDAR M. EL-SOURI,**
**a/k/a "Alex",**
**BILAL KAIK,**
**a/k/a "Louie,"**
**MOHAMAD HATOUM,**
**a/k/a "Mike", and**
**AHMAD A. KAIK,**

did knowingly and intentionally maintain a place, that is a business establishment known as "Pandora's Box" for the purpose of aiding and abetting the manufacturing of a controlled substance, in violation of Title 21, United States Code, Section 856(a)(1) and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(A)(ii), it is further alleged that this violation involved five (5) kilograms or more of a mixture and substance containing a

2

detectable amount of cocaine.

## COUNT 3

Beginning at least as early as August 6, 2010, the exact date being unknown to the Grand

Jury, and continuing through the present, in Palm Beach County, in the Southern District of Florida,

and elsewhere, the defendants,

**HAIDAR M. EL-SOURI,**
**a/k/a "Alex",**
**BILAL KAIK,**
**a/k/a "Louie,"**
**MOHAMAD HATOUM,**
**a/k/a "Mike", and**
**AHMAD A. KAIK,**

did knowingly and intentionally combine, conspire, confederate, and agree with each other and

with other persons known and unknown to the Grand Jury, to sell and offer for sale drug

paraphernalia, that is, equipment, product, and material of a kind which is primarily intended and

designed for use in manufacturing, compounding, converting, concealing, producing, processing,

preparing, injecting, ingesting, inhaling, and otherwise introducing into the human body a

controlled substance, including "cut," beakers and kilogram presses, in violation of Title 21,

United States Code, Section 863; all in violation of Title 21, United States Code, Section 846.

## COUNT 4

On or about August 6, 2010, in Palm Beach County, in the Southern District of Florida, and

elsewhere, the defendant,

**HAIDAR M. EL-SOURI,**

**a/k/a "Alex",**

did knowingly and intentionally attempt to aid and abet the manufacture and distribution of a

controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18,

3

United States Code, Section 2; in violation of Title 21, United States Code, Section 846.

Pursuant to Title 21, United States Code, Section 841(b)(1)(B)(ii), it is further alleged that this violation involved five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine.

## COUNT 5

On or about August 6, 2010, in Palm Beach County, in the Southern District of Florida, the defendant,

### HAIDAR M. EL-SOURI,
### a/k/a "Alex",

did knowingly and intentionally sell and offer for sale drug paraphernalia, that is, equipment, product, and material of a kind which is primarily intended and designed for use in manufacturing, compounding, converting, concealing, producing, processing, preparing, injecting, ingesting, inhaling, and otherwise introducing into the human body a controlled substance, including "cut," in violation of Title 21, United States Code, Section 863 and Title 18, United States Code, Section 2.

## COUNT 6

On or about August 7, 2010, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

### HAIDAR M. EL-SOURI,
### a/k/a "Alex",

did knowingly and intentionally attempt to aid and abet the manufacture and distribution of a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2; in violation of Title 21, United States Code, Section 846.

Pursuant to Title 21, United States Code, Section 841(b)(1)(B)(ii), it is further alleged that

4

this violation involved five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine.

## COUNT 7

On or about August 7, 2010, in Palm Beach County, in the Southern District of Florida, the defendant,

**HAIDAR M. EL-SOURI,**
**a/k/a "Alex",**

did knowingly and intentionally sell and offer for sale drug paraphernalia, that is, equipment, product, and material of a kind which is primarily intended and designed for use in manufacturing, compounding, converting, concealing, producing, processing, preparing, injecting, ingesting, inhaling, and otherwise introducing into the human body a controlled substance, including "cut," in violation of Title 21, United States Code, Section 863 and Title 18, United States Code, Section 2.

## COUNT 8

On or about August 11, 2010, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**HAIDAR M. EL-SOURI,**
**a/k/a "Alex",**

did knowingly and intentionally attempt to aid and abet the manufacture and distribution of a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2; in violation of Title 21, United States Code, Section 846.

Pursuant to Title 21, United States Code, Section 841(b)(1)(B)(ii), it is further alleged that this violation involved five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine.

## COUNT 9

On or about August 11, 2010, in Palm Beach County, in the Southern District of Florida, the defendant,

### HAIDAR M. EL-SOURI,
### a/k/a "Alex",

did knowingly and intentionally sell and offer for sale drug paraphernalia, that is, equipment, product, and material of a kind which is primarily intended and designed for use in manufacturing, compounding, converting, concealing, producing, processing, preparing, injecting, ingesting, inhaling, and otherwise introducing into the human body a controlled substance, including "cut," and  beakers, in violation of Title 21, United States Code, Section 863 and Title 18, United States Code, Section 2.

## COUNT 10

On or about August 14, 2010, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

### HAIDAR M. EL-SOURI,
### a/k/a "Alex",

did knowingly and intentionally attempt to aid and abet the manufacture and distribution of a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2; in violation of Title 21, United States Code, Section 846.

Pursuant to Title 21, United States Code, Section 841(b)(1)(B)(ii), it is further alleged that this violation involved five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine.

## COUNT 11

On or about August 14, 2010, in Palm Beach County, in the Southern District of Florida, the

defendant,

**HAIDAR M. EL-SOURI,**
**a/k/a "Alex",**

did knowingly and intentionally sell and offer for sale drug paraphernalia, that is, equipment,

product, and material of a kind which is primarily intended and designed for use in

manufacturing, compounding, converting, concealing, producing, processing, preparing,

injecting, ingesting, inhaling, and otherwise introducing into the human body a controlled

substance, including "cut," in violation of Title 21, United States Code, Section 863 and Title 18,

United States Code, Section 2.

## COUNT 12

On or about August 21, 2010, in Palm Beach County, in the Southern District of Florida, and

elsewhere, the defendant,

**BILAL KAIK,**
**a/k/a "Louie,**

did knowingly and intentionally attempt to aid and abet the manufacture and distribution of a

controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18,

United States Code, Section 2; in violation of Title 21, United States Code, Section 846.

Pursuant to Title 21, United States Code, Section 841(b)(1)(B)(ii), it is further alleged that

this violation involved five hundred (500) grams or more of a mixture and substance containing a

detectable amount of cocaine.

## COUNT 13

On or about August 21, 2010, in Palm Beach County, in the Southern District of Florida, the

defendant,

**BILAL KAIK,**
**a/k/a "Louie",**

did knowingly and intentionally sell and offer for sale drug paraphernalia, that is, equipment, product, and material of a kind which is primarily intended and designed for use in manufacturing, compounding, converting, concealing, producing, processing, preparing, injecting, ingesting, inhaling, and otherwise introducing into the human body a controlled substance, including "cut," in violation of Title 21, United States Code, Section 863 and Title 18, United States Code, Section 2.

### COUNT 14

On or about August 25, 2010, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

### BILAL KAIK,
### a/k/a "Louie",

did knowingly and intentionally attempt to aid and abet the manufacture and distribution of a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2; in violation of Title 21, United States Code, Section 846.

Pursuant to Title 21, United States Code, Section 841(b)(1)(B)(ii), it is further alleged that this violation involved five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine.

### COUNT 15

On or about August 25, 2010, in Palm Beach County, in the Southern District of Florida, the defendant,

### BILAL KAIK,
### a/k/a "Louie",

did knowingly and intentionally sell and offer for sale drug paraphernalia, that is, equipment, product, and material of a kind which is primarily intended and designed for use in

8

manufacturing, compounding, converting, concealing, producing, processing, preparing, injecting, ingesting, inhaling, and otherwise introducing into the human body a controlled substance, including "cut," in violation of Title 21, United States Code, Section 863 and Title 18, United States Code, Section 2.

## COUNT 16

On or about August 26, 2010, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**BILAL KAIK,**
**a/k/a "Louie", and**
**MOHAMAD HATOUM**
**a/k/a "Mike",**

did knowingly and intentionally attempt to aid and abet the manufacture and distribution of a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2; in violation of Title 21, United States Code, Section 846.

Pursuant to Title 21, United States Code, Section 841(b)(1)(B)(ii), it is further alleged that this violation involved five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine.

## COUNT 17

On or about August 26, 2010, in Palm Beach County, in the Southern District of Florida, the defendants,

**BILAL KAIK,**
**a/k/a "Louie", and**
**MOHAMAD HATOUM,**
**a/k/a "Mike",**

did knowingly and intentionally sell and offer for sale drug paraphernalia, that is, equipment, product, and material of a kind which is primarily intended and designed for use in

9

manufacturing, compounding, converting, concealing, producing, processing, preparing, injecting, ingesting, inhaling, and otherwise introducing into the human body a controlled substance, including "cut," and kilogram press, in violation of Title 21, United States Code, Section 863 and Title 18, United States Code, Section 2.

### COUNT 18

On or about November 5, 2010, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**BILAL KAIK,**
**a/k/a "Louie",**

did knowingly and intentionally attempt to aid and abet the manufacture and distribution of a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2; in violation of Title 21, United States Code, Section 846.

Pursuant to Title 21, United States Code, Section 841(b)(1)(B)(ii), it is further alleged that this violation involved five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine.

### COUNT 19

On or about November 5, 2010, in Palm Beach County, in the Southern District of Florida, the defendant,

**BILAL KAIK,**
**a/k/a "Louie",**

did knowingly and intentionally sell and offer for sale drug paraphernalia, that is, equipment, product, and material of a kind which is primarily intended and designed for use in manufacturing, compounding, converting, concealing, producing, processing, preparing, injecting, ingesting, inhaling, and otherwise introducing into the human body a controlled

substance, including "cut," in violation of Title 21, United States Code, Section 863 and Title 18, United States Code, Section 2.

## COUNT 20

On or about December 3, 2010, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

### MOHAMAD HATOUM
### a/k/a "Mike",

did knowingly and intentionally attempt to aid and abet the manufacture and distribution of a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2; in violation of Title 21, United States Code, Section 846.

Pursuant to Title 21, United States Code, Section 841(b)(1)(B)(ii), it is further alleged that this violation involved five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine.

## COUNT 21

On or about December 3, 2010, in Palm Beach County, in the Southern District of Florida, the defendant,

### MOHAMAD HATOUM
### a/k/a "Mike",

did knowingly and intentionally sell and offer for sale drug paraphernalia, that is, equipment, product, and material of a kind which is primarily intended and designed for use in manufacturing, compounding, converting, concealing, producing, processing, preparing, injecting, ingesting, inhaling, and otherwise introducing into the human body a controlled substance, including "cut," in violation of Title 21, United States Code, Section 863 and Title 18, United States Code, Section 2.

11

## COUNT 22

On or about December 10, 2010, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**BILAL KAIK,**
**a/k/a "Louie",**

did knowingly and intentionally attempt to aid and abet the manufacture and distribution of a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2; in violation of Title 21, United States Code, Section 846.

Pursuant to Title 21, United States Code, Section 841(b)(1)(B)(ii), it is further alleged that this violation involved five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine.

## COUNT 23

On or about December 10, 2010, in Palm Beach County, in the Southern District of Florida, the defendant,

**BILAL KAIK,**
**a/k/a "Louie",**

did knowingly and intentionally sell and offer for sale drug paraphernalia, that is, equipment, product, and material of a kind which is primarily intended and designed for use in manufacturing, compounding, converting, concealing, producing, processing, preparing, injecting, ingesting, inhaling, and otherwise introducing into the human body a controlled substance, including "cut," in violation of Title 21, United States Code, Section 863 and Title 18, United States Code, Section 2.

## COUNT 24

On or about January 21, 2011, in Palm Beach County, in the Southern District of Florida,

and elsewhere, the defendants,

**AHMAD A. KAIK,**
**BILAL KAIK,**
**a/k/a "Louie" and**
**MOHAMAD HATOUM**
**a/k/a "Mike",**

did knowingly and intentionally attempt to aid and abet the manufacture and distribution of a

controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18,

United States Code, Section 2; in violation of Title 21, United States Code, Section 846.

Pursuant to Title 21, United States Code, Section 841(b)(1)(B)(ii), it is further alleged that

this violation involved five (5) kilograms or more of a mixture and substance containing a detectable

amount of cocaine.

## COUNT 25

On or about January 21, 2011, in Palm Beach County, in the Southern District of Florida, the

defendant,

**AHMAD A. KAIK,**
**BILAL KAIK,**
**a/k/a "Louie" and**
**MOHAMAD HATOUM**
**a/k/a "Mike"**

did knowingly and intentionally sell and offer for sale drug paraphernalia, that is, equipment,

product, and material of a kind which is primarily intended and designed for use in

manufacturing, compounding, converting, concealing, producing, processing, preparing,

injecting, ingesting, inhaling, and otherwise introducing into the human body a controlled

substance, including "cut," and a kilogram press, in violation of Title 21, United States Code,

Section 863 and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION

1.      The allegations of this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which one or more of the defendants has an interest, pursuant to the provisions Title 21, United States Code, Section 853.

2.      Upon conviction of any of the violations alleged in Counts 1 through 25 of this Indictment, the defendants shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all right, title, and interest in any property constituting or derived from any proceeds which such defendant obtained, directly or indirectly, as the result of such violation, and any property which the defendant used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such violation.

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL

_____

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
MICHAEL WALLEISA
ASSISTANT UNITED STATES ATTORNEY

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO. _____

vs.

HAIDAR M. EL SOURI,
BILAL KAIK,
MOHAMAD HATOUM.
AHMAD A. KAIK,

**CERTIFICATE OF TRIAL ATTORNEY***

Defendants.
_____/

**Superseding Case Information:**

Court Division: (Select One)

New Defendant(s)          Yes __X__  No ____
Number of New Defendants         4
Total number of counts          25

____ Miami   ____ Key West
____ FTL   __X__ WPB   ____ FTP

I do hereby certify that:

1.   I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.   I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.   Interpreter:     (Yes or No)     _____
     List language and/or dialect     _____

4.   This case will take     __10__   days for the parties to try.

5.   Please check appropriate category and type of offense listed below:

     (Check only one)                              (Check only one)

     I     0  to  5 days        _____        Petty      _____
     II    6 to 10 days         __X____        Minor      _____
     III   11 to 20 days        _____        Misdem.    _____
     IV    21 to 60 days        _____        Felony     __X____
     V     61 days and over     _____

6.   Has this case been previously filed in this District Court?  (Yes or No)     _NO_
     If yes:
     Judge: _____     Case No. _____
     (Attach copy of dispositive order)
     Has a complaint been filed in this matter?     (Yes or No)     _____
     If yes:
     Magistrate Case No. _____
     Related Miscellaneous numbers: _____
     Defendant(s) in federal custody as of _____
     Defendant(s) in state custody as of _____
     Rule 20 from the _____     District of _____

     Is this a potential death penalty case? (Yes or No)     _No_

7.   Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to  October 14, 2003?  _____  Yes   _No_  (No)

8.   Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?  _____  Yes   _No_  (No)

_signature_

MICHAEL WALLEISA
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No.539570

*Penalty Sheet(s) attached                                    REV 4/8/08

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: **HAIDAR M EL SOURI**

**Case No**:

Count #: 1

Conspiracy to aid and abet the manufacture and distribution of a controlled substance, ie cocaine
Title 21, USC 846

**\* Max.Penalty**: Life imprisonment with a 10 year mandatory minimum, sentence, 5 years
supervised release, $4,000,000.00 fine

Count #: 2

 Knowingly maintaining a place to aid and abet the manufacturing of a controlled substance
Title 21, USC 856(a)(1)

**\*Max. Penalty:**      20 years' imprisonment, $500,000.00 fine, 3 years supervised release

Count #: 3

Conspiracy to sell and offer for sale, drug paraphernalia
Title 21, USC 846

**\*Max. Penalty:**      3 years imprisonment, $250,000.00 fine, 1 year supervised release

Counts #: 4, 6, 8, and 10
Attempting to Aid and Abet the manufacture and distribution of a controlled substance (cocaine)
Title 21, USC 846, Title 18, USC 2

**\*Max. Penalty** Life imprisonment with a 10 year mandatory minimum, sentence, 5 years
supervised release, $4,000,000.00 fine

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**

Counts  #: 5, 7, 9, and 11

Selling and offering for sale drug paraphernalia
Title 21, USC 863

**\*Max. Penalty:**      3 years imprisonment, $250,000.00 fine, 1 year supervised release

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: **BILAL KAIK**

**Case No**:

Count #: 1

Conspiracy to aid and abet the manufacture and distribution of a controlled substance, ie cocaine
Title 21, USC 846

**\* Max.Penalty**: Life imprisonment with a 10 year mandatory minimum, sentence, 5 years supervised release, $4,000,000.00 fine

Count #: 2

Knowingly maintaining a place to aid and abet the manufacturing of a controlled substance
Title 21, USC 856(a)(1)

**\*Max. Penalty:**      20 years' imprisonment, $500,000.00 fine, 3 years supervised release

Count #: 3

Conspiracy to sell and offer for sale, drug paraphernalia
Title 21, USC 846

**\*Max. Penalty:**      3 years imprisonment, $250,000.00 fine, 1 year supervised release

Counts #: 12, 14, 16, 18, 22, and 24

Attempting to Aid and Abet the manufacture and distribution of a controlled substance (cocaine)
Title 21, USC 846, Title 18, USC 2

**\*Max. Penalty** Life imprisonment with a 10 year mandatory minimum, sentence, 5 years supervised release, $4,000,000.00 fine

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

Counts  #: 13, 15, 17, 19, 23 and 25

Selling and offering for sale drug paraphernalia
Title 21, USC 863

**\*Max. Penalty:**      3 years imprisonment, $250,000.00 fine, 1 year supervised release

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: **MOHAMAD HATOUM**

**Case No**:

Count #: 1

Conspiracy to aid and abet the manufacture and distribution of a controlled substance, ie cocaine
Title 21, USC 846

**\* Max.Penalty**: Life imprisonment with a 10 year mandatory minimum, sentence, 5 years supervised release, $4,000,000.00 fine

Count #: 2

 Knowingly maintaining a place to aid and abet the manufacturing of a controlled substance
Title 21, USC 856(a)(1)

**\*Max. Penalty:**        20 years' imprisonment, $500,000.00 fine, 3 years supervised release

Count #: 3

Conspiracy to sell and offer for sale, drug paraphernalia
Title 21, USC 846

**\*Max. Penalty:**        3 years imprisonment, $250,000.00 fine, 1 year supervised release

Counts #:  16, 20, and 24

Attempting to Aid and Abet the manufacture and distribution of a controlled substance (cocaine)
Title 21, USC 846, Title 18, USC 2

**\*Max. Penalty**  Life imprisonment with a 10 year mandatory minimum, sentence, 5 years supervised release, $4,000,000.00 fine

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

Counts #: 17, 21 and 25

Selling and offering for sale drug paraphernalia

Title 21, USC 863

**\*Max. Penalty:**      3 years imprisonment, $250,000.00 fine, 1 year supervised release

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** **AHMAD A KAIK**

**Case No:**

Count #: 1

Conspiracy to aid and abet the manufacture and distribution of a controlled substance, ie cocaine
Title 21, USC 846

**\* Max.Penalty**: Life imprisonment with a 10 year mandatory minimum, sentence, 5 years
supervised release, $4,000,000.00 fine

Count #: 2

Knowingly maintaining a place to aid and abet the manufacturing of a controlled substance
Title 21, USC 856(a)(1)

**\*Max. Penalty:**      20 years' imprisonment, $500,000.00 fine, 3 years supervised release

Count #: 3

Conspiracy to sell and offer for sale, drug paraphernalia
Title 21, USC 846

**\*Max. Penalty:**      3 years imprisonment, $250,000.00 fine, 1 year supervised release

Counts #: 24
Attempting to Aid and Abet the manufacture and distribution of a controlled substance (cocaine)
Title 21, USC 846, Title 18, USC 2

**\*Max. Penalty** Life imprisonment with a 10 year mandatory minimum, sentence, 5 years
supervised release, $4,000,000.00 fine

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**

Counts #: 25

Selling and offering for sale drug paraphernalia
Title 21, USC 863

**\*Max. Penalty:**      3 years imprisonment, $250,000.00 fine, 1 year supervised release

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**